THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-591-SDJ-KPJ |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Eric Wright's ("Plaintiff") Motion for Leave to File Second Amended Complaint (the "Motion") (Dkt. 35). Defendant Allstate Vehicle and Property Insurance Company ("Allstate") filed a response in opposition. Dkt. 39. Having considered the pleadings, the briefing, and applicable authorities, the Court will **GRANT** the Motion (Dkt. 35).

## I.   BACKGROUND

This lawsuit stems from a hail and windstorm in March 2017 that damaged Plaintiff's home in Frisco, Texas. *See* First Amended Complaint (the "FAC") (Dkt. 9) at 3. At the time, Plaintiff held an Allstate "replacement cost" homeowners insurance policy. *Id* at 2. After the storm, Plaintiff filed a claim with Allstate, who then assigned an adjuster to investigate the claim. *Id*. at 3. Plaintiff alleges that the adjuster failed to conduct a reasonable investigation and intentionally misrepresented the terms of the policy. *Id*. at 3–4. Additionally, Plaintiff claims that the investigation was conducted in a pretextual manner and that Allstate failed in "good faith to effectuate a prompt, fair, and equitable settlement of the claim after Allstate's liability became reasonably clear." *Id*.

On July 10, 2019, Plaintiff filed a petition in state court against Allstate and the adjuster. *See* Dkt. 3. On August 8, 2019, Allstate removed the lawsuit to this Court on grounds of diversity jurisdiction. *See* Dkt. 1. In the Notice of Removal, Allstate alleged that Plaintiff improperly joined the adjuster in the lawsuit in an attempt to avoid removal. *See id*. at 2–8. On November 25, 2019, Plaintiff filed the First Amended Complaint (the "FAC"), wherein he named only Allstate as a defendant, presumably in response to Allstate's claim of improper joinder of the adjuster. *See* FAC at 1.

After holding a Rule 16 Management Conference, the Court entered a Scheduling Order on May 19, 2021. *See* Dkts. 19, 21. In the Scheduling Order, the Court set August 10, 2021 as the deadline for Plaintiff to file amended pleadings. *See* Dkt. 21. The discovery deadline was set for November 2, 2021, and the dispositive motions deadline was September 29, 2021. *See* Dkt. 21.

On July 24, 2021, Allstate moved to dismiss the FAC. *See* Dkt. 33. On August 4, 2021, Plaintiff filed the present Motion seeking leave to file a Second Amended Complaint (the "SAC"). *See* Dkt. 35. In the proposed SAC, Plaintiff deletes his fraud claim, leaving the following five claims: (1) breach of contract; (2) unfair or deceptive acts or trade practices; (3) breach of common law duty of good faith and fair dealing; (4) breach of the Prompt Payment of Claims Act; and (5) breach of express or implied warranty. *See* Dkt. 36. In the proposed SAC, Plaintiff seeks actual damages in the amount of $33,832.42, punitive damages, attorney's fees, and costs. *Id*. at 7, 11–12. On August 9, 2021, Allstate filed a response opposing Plaintiff's Motion for leave to file the SAC. *See* Dkt. 39.

## II.  LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*,

544 F. App'x 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 868 (5th Cir. 2010) (citing *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-cv-1067, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323,

3

333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

### III. <u>ANALYSIS</u>

Because Plaintiff moved to amend before the deadline set forth in the Scheduling Order, the Court applies the Fifth Circuit's analysis under Rule 15(a) and finds the five factors support granting leave to amend.

First, the Court finds there was no undue delay. "Although it is generally true that leave to file amendments should be freely given, amendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented." *Smith*, 393 F.3d at 595 (internal quotation marks and citations omitted). "At some point, time delay on the part of the plaintiff can be procedurally fatal." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Here, the Court does not discern a delay that would be "procedurally fatal." *Id.* Plaintiff moved for leave to amend before the deadline for amended pleadings. Additionally, the dispositive

4

motions and discovery deadlines had not passed at the time Plaintiff sought leave to amend. These facts suggest no undue delay.

Second, because there is no evidence of bad faith or dilatory motive, the Court finds that this factor weighs in favor of granting Plaintiff leave to amend his complaint. *See Williams v. City of Denton*, 2020 WL 1158610, at \*4 (E.D. Tex. 2020) (finding this factor weighs in favor of granting leave where no evidence of bad faith or dilatory motive existed in the record); *see also Nevels*, 439 F.2d at 257 (noting bad faith and dilatory motive can exist where the movant created a "last minute surprise" on an adversary, rendering the adversary unable "to meet the tendered issue").

Third, "because there is no repeated failure to cure a previous deficiency[,]" the Court finds that this factor weighs in favor of granting Plaintiff leave to amend. *Venzor v. Collin County, Tex.*, 2021 WL 708611, at \*5 (E.D. Tex. Jan. 29, 2021). Fourth, because the Motion was filed in the early stages of litigation, before discovery and dispositive motion deadlines had passed, the Court does not find that Allstate would experience any undue prejudice. *See KaZee, Inc. v. Raimer,* 2020 WL 6382631, at \*3 (E.D. Tex. Oct. 30. 2020) (finding "little, if any," prejudice where leave to amend was sought after a single motion to dismiss, no amendment to the pleadings, and some discovery ordered with respect to preliminary injunction hearing); *Williams*, 2020 WL 1158610, at \*6 (finding no prejudice where case was "still in its procedural infancy"). Fifth, granting Plaintiff leave to amend his complaint would not be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

On balance, the factors weigh in favor of granting the Motion. Because the Scheduling Order deadline to file amended pleadings has now passed, the Court will not grant any future amendments absent a showing of good cause under Rule 16(b).

## IV.<u>CONCLUSION</u>

Based on the foregoing, **IT IS ORDERED THAT**:

(1) Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 35) is hereby
**GRANTED**.

(2) Plaintiff's Second Amended Complaint (Dkt. 36) is deemed filed.

(3) Because the Second Amended Complaint is now the operative complaint in this matter,
Allstate's Motion to Dismiss (Dkt. 33) is hereby **DENIED AS MOOT**.

(4) The deadline to file dispositive motions is hereby extended to **November 2, 2021**.

**So ORDERED and SIGNED this 5th day of October, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE